## NEWTON OIL MILL *v*. SPENCER.

[77 South. 605, Division B.]

1. TRIAL. *Instructions. Matters admitted.*
   Where in a suit by a servant against the master for damages caused by falling through a trap door, the master admitted the dangerous condition of the door and based its defense upon the theory that the servant was cautioned not to get upon it. In such case an instruction for the plaintiff that the door through which plaintiff fell was inherently dangerous did not constitute error.

2. APPEAL AND ERROR. *Harmless error. Instructions. Contributory negligence.*
   In such case an instruction that the master must prove by a preponderance of the evidence that the servant had notice of the dangerous condition of the trap door through which he fell, was not prejudicial to the master's rights, since such instruction merely told the jury that the burden was upon the defendant as to contributory negligence.

3. WITNESS. *Privileged communications. Physicians.*
   The testimony of a physician who attended plaintiff after his injury was properly excluded on plaintiff's objection.

APPEAL from the circuit court of Newton county.

HON. J. D. CAR, Judge.

Suit by Alonzo Spencer against the Newton Oil Mill. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Byrd & Byrd,* for appellants.

Instruction number one is clearly and manifestly wrong. We cannot understand how counsel or the court

got it into their minds that a door placed in the floor as this one was was inherently dangerous. We do not understand how an inanimate thing can be inherently dangerous, and for that reason we are forced to the conclusion that the instruction is erroneous. It is erroneous because the court tells the jury that as a matter of fact the plaintiff did fall through the door; and further tells them that, if he did fall through the door, then they must find for plaintiff. Now we do not think, under the facts of this case, that the jury was compelled to find for the plaintiff. This instruction, in effect, is a peremptory instruction.

The second instruction given for plaintiff which is assigned as error was clearly wrong in that it placed the burden upon defendant to show by a preponderance of the evidence that the plaintiff had knowledge of the condition of the door; and it is further erroneous because it assumes that as a matter of fact plaintiff fell through the door, which is not borne out by the proof. The proof is that he stepped upon the door and fell, and the door flew up and hit him in the side, and that was the cause of his injuries, and not that he went through the floor. The falling through the door did not cause his injuries; in fact he didn't fall through, but fell across, and the corner of the door struck him in the side.

The court refused to permit Dr. Cooper to testify as to plaintiff's injuries. Cooper was the physician who first attended plaintiff and who visited him some four or five times, and knew all about, or more than any one else, the extent of the injuries, if any, sustained by the plaintiff. Cooper was the company's physician. We are aware of the rule that a physician cannot testify to matters and things ascertained or learned while attending upon a patient, if the patient objects. But under the peculiar circumstances of this case, we think the law would permit Cooper to have testified. The court will observe that Cooper attended this party as a physician from a few minutes after he was hurt until he was able to get out

and about. After he had gotten up, and able to travel, he went over to Lawrence and saw Dr. Monroe, who made a casual examination of him. Plaintiff introduced Dr. Monroe who undertook to tell the condition and the extent of plaintiff's injuries. It is clear from his testimony that he could tell nothing about it and the substance of what he said is what the plaintiff told him. It seems to us that it would be just and fair that all the facts should be revealed to the jury. Cooper, who knew all the facts, was not permitted to testify. Monroe, who did not know the facts, and could not have known them, was permitted to testify. Both being physicians, one attended him a few minutes after the accident, and until he was practically well; and the other saw him some six weeks after the injury occurred and after he was able to travel.

For the foregoing reasons, we respectfully submit that this case should be reversed.

*J. D. Jones* and *S. J. McLaurin,* for appellee.

Appellant complains of two instructions of the court and of the fact that Dr. Cooper was not allowed to testify. The first instruction complained of is that the court instructed the jury that the trapdoor through which the appellee fell was inherently dangerous, the "inherently" seeming to be the part of the instruction complained of. Webster gives as his definition of the word "existing in something" or naturally pertaining to something." Under this definition we submit the door was inherently dangerous as was testified to both by the witnesses for appellant and appellee and as stated in appellant's brief.

The next instruction complained of is that which instructed the jury that the burden of proof of contributory negligence was upon the appellant. In an action for personal injuries the burden of proof of contributory negligence is on the defendant. *Sims* v. *Forbes,* 86 Miss.

412; *Mississippi Central R. R. Co.* v. *Hardy*, 88 Miss. 732. Dr. Cooper was a physician called in to see appellee when injured and therefore could not testify over his objection. *Railroad Company* v. *Messina*, 109 Miss. 143.

ETHRIDGE, J., delivered the opinion of the court.

Alonzo Spencer sued the Newton Oil Mill for personal injuries received by falling through a trapdoor in a platform of the plant of the Newton Oil Mill, alleging that the said trapdoor was attached to the floor of the platform by means of iron hinges which were old, rusty, rotten, defective, and unsafe, and that when the plaintiff walked over the said door the hinges broke, causing the door to fly up, striking the plaintiff in the stomach, and bruising and injuring him; that the plaintiff had no knowledge of the defect in the door; that it was dangerous and in a bad state of repair, and was known to the defendant, but unknown to the plaintiff, at the time of the accident; and, further, that it was negligence in having in a floor a trapdoor in a rotten, unsafe, and in a dangerous condition. The defendant pleaded the general issue, and gave notice that it would offer to prove under the general issue on the trial that the plaintiff had been warned that the door in question was not securely fastened and cautioned not to step upon it, and that he (plaintiff) deliberately did so and caused his own injury, if any he sustained.

The testimony for the plaintiff shows that the trapdoor was situated in the floor of the platform fastened by hinges and had become in a dangerous and unsafe condition, and that while engaged in the service of the defendant, and while carrying a scantling for the purpose of prying up a boiler on the sidetrack to be unloaded upon the platform, he stepped upon the trapdoor, fell, and was injured, and that he had not been told of the trapdoor or of its dangerous condition by any person. The testimony for the defendant defended upon

the theory that the plaintiff had been specially cautioned as to the unsafe condition of the trapdoor, and cautioned not to get upon it, the foreman of the defendant stating that he so told the plaintiff, and that he called to another employee just before the accident to bring a hammer and nails for the purpose of fixing the trapdoor; that he had stepped upon it, and had seen its dangerous condition, and was preparing to repair it; and that the defendant had just recently acquired the property, and was doing general repairs upon the property at the time. The plaintiff testified that he was confined to his home about four weeks, and that he was permanently injured, and was unable to do heavy work any more. He introduced Dr. Monroe, who had examined him some four weeks after the injury as to the bruise which he received. The defendant sought to introduce Dr. Cooper, who attended plaintiff after he was injured, but the plaintiff objected to Dr. Cooper's testifying, and his testimony was excluded.

The appellant assigns for error the exclusion of the evidence of Dr. Cooper, and the giving of instructions Nos. 1 and 2 for the plaintiff. Instruction No. 1 is as follows:

"You are instructed that the trapdoor in the floor of the platform, through which plaintiff fell, was inherently dangerous; and if you believe from the evidence that the plaintiff did not know of its being dangerous, then you must find for the plaintiff."

If there was a question as to whether or not the door was safe at the time of the injury, this instruction would be error; but the defendant admitted the dangerous condition of the door, and based its defense upon the theory that the plaintiff was cautioned not to get upon it. So, telling the jury that the door was inherently dangerous did not constitute error in this case.

The second instruction is as follows:

"You are instructed that it is the duty of the defendant to prove by a preponderance of the evidence that

the plaintiff had notice of the dangerous condition of the trapdoor through which he fell.''

This instruction merely tells the jury that the burden is upon the defendant as to contributory negligence; the defense being specially pleaded that the injury was caused by plaintiff going upon the door with knowledge of its dangerous condition, after having been cautioned not to do so by the dafendant. There is no dispute about the fact that the plaintiff fell and was injured, and this instruction was not prejudicial to the defendant's rights.

With reference to the testimony of Dr. Cooper, this question has been settled adversely to the contention of appellant in the case of *Yazoo, etc., R. Co.* v. *Messina,* 109 Miss. 143, 67 So. 963.

The judgment is therefore affirmed.

*Affirmed.*

STEVENS, J. (specially concurring). I concur in the result reached by the court in this case.